UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
=========================================

EDITH JORDAN,

            Plaintiff,              ***COMPLAINT***

  -against-                  Case No. 6:10-CV-1411 (DNH/GHL)

CORNING COMMUNITY COLLEGE; PATRICK     Jury Trial Demanded
PARISS, in his individual and official capacity as
Director of Learning at Corning Community College;
MICHAEL MARRONE, in his individual and official
capacity as Session Director of the Southern Tier Law
Enforcement Academy at Corning Community College;
RICK CHURCHES, in his individual and official capacity
as an Instructor/Employee of the Southern Tier Law
Enforcement Academy at Corning Community College;
BRUCE GUGLIOTTA, in his individual and official
capacity as an Instructor/Employee of the Southern
Tier Law Enforcement Academy at Corning Community
College; and JOHN DOE(S) and JANE DOE(S),
in their individual and official capacities as agents,
representatives and/or employees of the Corning
Community College,

            Defendants.
=========================================

Plaintiff Edith Jordan, by and through her attorneys, Bosman Law Firm, L.L.C., as and for her complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a complaint under Title IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681(a); 42 U.S.C. § 1983; the Constitution of the United States; and the New York State Human Rights Law, N.Y. Exec. Law §§ 296, et seq. to remedy violations of the rights of the Plaintiff for injuries and harm caused by the Defendants in their individual and official capacities as a federally

-1-

funded educational institution and as agents of Corning Community College.

2. Upon information and belief, Defendant Corning Community College is a corporation subject to the personal jurisdiction of the Northern District of New York. Venue is therefore proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3. At all relevant times hereto, Plaintiff Edith Jordan was a resident of the State of New York, County of Chemung. She attended the Southern Tier Law Enforcement Academy at Corning Community College as a student duly enrolled in the police academy from on or about January 17, 2007 to on or about February 1, 2007.

4. At all relevant times hereto, Defendant Corning Community College is a college and educational entity duly chartered, organized, existing and subject to the laws, rules and regulations of the State of New York. It maintains a principal place of business in the State of New York, County of Stuben.

5. At all relevant times hereto, Defendant Patrick Pariss is the Director of Learning at Corning Community College. He is sued in his individual and official capacity.

6. At all relevant times hereto, Defendant Michael Marrone is the Session Director of the Southern Tier Law Enforcement Academy at Corning Community College. He is sued in his individual and official capacity.

7. At all relevant times hereto, Defendant Rick Churches is an Instructor/Employee of the Southern Tier Law Enforcement Academy at Corning Community College. He is sued in his individual and official capacity.

8. At all relevant times hereto, Defendant Bruce Gugliotta is an Instructor/Employee of the

Southern Tier Law Enforcement Academy at Corning Community College. He is sued in his individual and official capacity.

9. Defendants John Doe(s) and Jane Doe(s) are individuals not yet known to the Plaintiff. Once their identities are ascertained, the names of those individuals will be substituted in place of the John Doe(s) and/or Jane Doe(s) designations.

## THE FACTS

10. As of January 17, 2007, Plaintiff was 33 years of age, single and the mother of two children.

11. Plaintiff entered the Southern Tier Law Enforcement Academy on or about January 17, 2007, after having completed her Associate Degree in Criminal Justice at Corning Community College in May 2006.

12. Plaintiff was the only female in the class.

13. Plaintiff was treated differently than the male cadets. For example, on or about January 18, 2007, it was pointed out to the entire class that Plaintiff was the "weakest link" and pulled out of formation by Defendant Churches and told that she should drop out of the academy because she was not going to "make it". Plaintiff was referred to as the "senior citizen" of the class by Defendant Bruce Gugliotta.

14. Plaintiff was not given the same opportunities to make up physical training requirements as the male cadets. She was told that she needed to make a choice between her family, part-time jobs, and the academy. Male cadets with families and part-time jobs were not asked to make this choice.

15. Plaintiff did not receive changing/bathroom facilities at the same location as the male

cadets as Plaintiff had to travel at least ten miles to another location.

16. On or about January 18, 2007, Plaintiff complained of the discriminatory treatment to Defendants Patrick Pariss and Michael Marrone. Additionally, Plaintiff complained of the discriminatory treatment to her Class Leader. Upon information and belief, Plaintiff's complaints to her Class Leader were relayed to Defendant Marrone. Further, upon information and belief, Plaintiff's complaints to her Class Leader were also relayed to Defendant Pariss and others at Corning Community College.

17. On or about February 1, 2007, Plaintiff was pulled into Defendant Marrone's office and told to tender her resignation or be terminated. Defendant Marrone stated to Plaintiff, "you are a distraction".

18. Soon after her termination, Plaintiff administratively appealed her termination to the College; however, her termination was upheld. Plaintiff was told that she had "an issue with being female".

19. On or about November 16, 2007, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights.

20. On or about January 10, 2008, Plaintiff was hired with Myrtle Beach Police Department and had a tentative start date of February 15, 2008.

21. On or about January 29, 2008, Plaintiff received a letter from Myrtle Beach stating that their offer of employment was rescinded due to new information they received. Upon information and belief, the Defendants provided negative, false and misleading information about Plaintiff to the Myrtle Beach Police Department, causing Plaintiff's prospective employer to rescind its job offer.

22. On February 26, 2008, Plaintiff received a letter from Virginia State Police which stated

that she would not be further considered in the hiring process. The letter stated that this decision was made due to information provided to them during the background phase of the hiring process. Plaintiff received a similar letter from the Chesterfield County Police Department.

23. Upon information and belief, information provided by the Defendants was responsible for the lose of these jobs. Plaintiff was advised that information these departments had received from the Defendants had caused them not to further consider her for employment.

24. On or about April 10, 2008, Plaintiff filed a second charge with the New York State Division of Human Rights alleging continued discrimination and retaliation.

25. The New York State Division of Human Rights found it had jurisdiction over the complaints and that probable cause existed to believe that Defendants engaged in unlawful discrimination. Thereafter, the Division combined the cases and referred the parties for a public hearing.

26. Before commencement of the hearings the parties reached a Stipulation of Settlement which was executed by Plaintiff and Defendant on July 6, 2009, which contained an attachment of an approved letter for Defendants to issue regarding Plaintiff.

27. Following entry into the Stipulation of Settlement Galen D. Kirkland, the Commissioner of the New York State Division of Human Rights, entered an Order After Stipulation of Settlement in each of the two case numbers on July 13, 2009 and July 17, 2009, respectively.

28. Defendants agreed to provide a written reference to prospective employers of Plaintiff upon request of the prospective employer. Said written reference was to state and be limited to the following: "Edith Jordan attended the Southern Tier Law Enforcement Academy beginning on January 17, 2007 and leaving for personal reasons on February 1, 2007. During this period, Ms.

Jordan excelled academically and had been appointed squad leader by her peers. Respectfully, Michael P. Marrone."

29. Additionally, the Defendants agreed that they would not express nor imply a negative opinion of the Plaintiff.

30. Thereafter, Plaintiff applied for positions in the Metropolitan Police Department of the District of Columbia, the Spring Garden Township Police Department in York, Pennsylvania, and the Baltimore Police Department.

31. Upon information and belief, Defendants continued to provide negative, false and misleading information pertaining to Plaintiff.

32. On or about October 8, 2009, Plaintiff was sent a letter from the Metropolitan Police Department of the District of Columbia which stated Plaintiff was denied employment "due to [her] false statements and termination from a law enforcement agency".

33. On or about November 30, 2009, Plaintiff was sent a letter from the Spring Garden Township Police Department which stated she has been found "ineligible" to participate further in the hiring process. Plaintiff appealed and was subsequently advised that the Spring Garden Police Department was told by Defendants that Plaintiff was asked to resign and did not leave for personal reasons.

34. On or about January 6, 2010, Plaintiff was sent a letter from the Baltimore Police Department wherein Plaintiff was advised that she would not be offered a job with that department. Upon information and belief, Defendants sabotaged Plaintiff's application with this agency too.

35. Upon information and belief, Plaintiff is not barred from bringing this action or recovering on any of the causes of action set forth herein as the Defendants entered into settlement

with the Plaintiff in bad faith and with no intent to abide by its terms. Further, upon information and belief, the aforementioned Stipulation of Settlement is void and unenforceable as a matter of law in that one or more of its terms violate public policy.

36. Upon information and belief, the statute of limitations on all causes of action set forth herein have been tolled on the basis of the continuing violation doctrine as well as on equitable grounds due to the misrepresentations and conduct of the Defendants that induced the Plaintiff into a purported "settlement".

**AS AND FOR A FIRST CAUSE OF ACTION
PURSUANT TO TITLE IX AGAINST DEFENDANT
CORNING COMMUNITY COLLEGE (DISCRIMINATION)**

37. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 36 above with the same force and effect as if set forth fully herein.

38. Plaintiff is a female and, as such, a member of a class protected by Title IX.

39. Defendant Corning Community College, at all times relevant hereto, was a recipient of Federal financial assistance and accordingly subject to the provisions of Title IX.

40. Plaintiff was subjected to discrimination on the basis of her gender by the Defendant Corning Community College and its officials, representatives, employees and agents. Examples of the discriminatory treatment suffered by Plaintiff include, but are not limited to:

a). Subjecting Plaintiff to discriminatory treatment as compared to her male counterparts by refusing to permit the Plaintiff to leave the room once Plaintiff became physically ill while permitting male cadets to do so;

b). Subjecting plaintiff to discriminatory treatment by failing to provide Plaintiff with a changing room while providing male cadets a changing room;

c). Defendants publicly disparaged the Plaintiff by continuously commenting in the presence of the other cadets that Plaintiff was not "making it" and criticizing her physical achievements and participation as well as public disparaging the Plaintiff by commenting on her age including, but not limited to, stating Plaintiff was the "senior citizen" of the group in the presence of the other cadets;

d). Subjecting Plaintiff to comments and remarks concerning her age and health;

e). Subjecting Plaintiff to discriminatory treatment by refusing to accommodate for Plaintiff's disability while providing accommodations for a male cadet;

f). Subjecting Plaintiff to retaliatory and discriminatory acts by demoting Plaintiff from the position of squad leader;

g). Subjecting Plaintiff to discriminatory treatment by refusing to permit Plaintiff to make up sessions out of training while permitting male cadets to do so; and

h). Providing negative, false and misleading information about Plaintiff to prospective employers to prevent her from securing a position in law enforcement due to her gender. Upon information and belief, male cadets are given favorable recommendations and Defendants do not disseminate negative, false or misleading information about them.

41. The actions and omissions of the Defendants as alleged constitute unlawful discrimination in violation of Title IX.

42. Plaintiff has sustained substantial damages as a result of the unlawful actions and omissions of the Defendants herein, including but not limited to,

(a) Plaintiff has been deprived of income in the form of wages, benefits, promotional opportunities and job assignments which were made or denied because of Plaintiff's sex and Defendants' discriminatory and retaliatory acts and policies;

(b)	Plaintiff has suffered physical harm in the form of stress, tension, headaches, stomach aches, sleeplessness, nervousness, anxiety, fear and dread, extreme anxiety, embarrassment, humiliation, degradation, loss of pay, loss of benefits, depression, insomnia, anger, fear, family discord and dysfunction, stomach upset, and pain.

(c)	Plaintiff has been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

(d)	Plaintiff has been denied equitable employment compensation, equitable employment terms and conditions and privileges of employment because of her sex and opposition to discrimination;

(e)	Plaintiff has been subjected to damage to her good name, humiliation, indignity and shame;

(f)	Plaintiff has suffered injury to her family and community relations.

(g)	Plaintiff has been caused to incur legal fees and expenses and will incur additional legal fees in the future, to protect Plaintiff's rights and interests from the wrongful and unlawful actions of the Defendants herein;

(h)	Plaintiff has suffered deprivation of her liberty, invasion of her privacy and has otherwise suffered deprivation of her human, civil and Constitutional rights in violation of the laws and Constitution of the United States;

(i)	Plaintiff has been otherwise damaged.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO TITLE IX AGAINST DEFENDANT
## CORNING COMMUNITY COLLEGE (RETALIATION)

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 above with the same force and effect as if set forth fully herein.

44. Plaintiff complained of discriminatory treatment based upon her gender to the Defendants and filed two complaints of discrimination/retaliation with the New York State Division of Human Rights.

45. Plaintiff's complaints are statutorily protected under Title IX and she could not lawfully be retaliated against for same.

46. After she made her complaints to the Defendants, Plaintiff was told that she was a "distraction", threatened with termination, and ultimately terminated from the academy. These actions were adverse under the law and constitute violations of Title IX.

47. Additionally, Plaintiff was and remains blacklisted as a result of the Defendants' past and ongoing retaliation in providing false, negative, false and misleading information about Plaintiff to prospective employers to prevent her from securing a position in law enforcement. Upon information and belief, cadets who have not complained of discriminatory treatment are given favorable recommendations and Defendants do not disseminate negative, false or misleading information about them.

48. As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST
## ALL DEFENDANTS (DISCRIMINATION IN VIOLATION
## OF THE FOURTEENTH AMENDMENT)

49. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 48 above with the same force and effect as if set forth fully herein.

50. Plaintiff is a female and as such a member of a protected class under the Fourteenth Amendment to the United States Constitution.

51. As aforementioned, Plaintiff has been subjected to discrimination and treated disparately on account of her gender.

52. The actions and omissions of the individual Defendants named herein are properly and lawfully imputable to the Defendant municipality, Corning Community College in that discrimination based upon gender has been reported to policy-making and senior officials of the College yet no corrective or remedial action has been taken.

53. Further, upon information and belief, the College endorses the discriminatory conduct, treatment and actions of the employees in the operation of Southern Tier Law Enforcement Academy as shown by its failure to train its officials, representatives, employees and agents in the Law Enforcement Academy on the rights of cadets to be free from discrimination and retaliation; failure to properly or genuinely investigate reports of discrimination and retaliation; endorsing and believing the word of males over that of females; failure to discipline officials, representatives, employees and agents for engaging in discriminatory or retaliatory actions upon learning of same; and its continuing failure to conform its facilities to accommodate female cadets and provide equal opportunities without regard to gender.

54. As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS (RETALIATION IN VIOLATION OF THE FIRST AMENDMENT)

55. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 54 above with the same force and effect as if set forth fully herein.

56. Upon information and belief, Plaintiff's complaints of discrimination are protected activities under the First Amendment to the Constitution. To the extent the following allegation is needed, discrimination in the operation of a publicly funded educational institution charged with schooling prospective law enforcement officers is a matter of public concern.

57. As aforementioned, Plaintiff has been subjected to discrimination and treated disparately on account of her complaints of discrimination.

58. As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST DEFENDANTS PARISS, MARRONE, CHURCHES, GUGLIOTTA, AND JOHN DOE(S) AND JANE DOE(S) (DISCRIMINATION)

59. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 58 above with the same force and effect as if set forth fully herein.

60. Defendant Corning Community College is an education corporation which holds itself out to the public to be non-sectarian within the meaning of the Human Rights Law. Additionally, the Human Rights Law prohibits discrimination based upon gender and/or opposition to discrimination in education corporations such as Defendant Corning Community College.

61. Defendants Pariss, Marrone, Churches, Gugliotta, and John Doe(s) and Jane Doe(s) are responsible and legally accountable as persons who aided, abetted, incited, compelled and/or coerced the unlawful discriminatory actions pursuant to N.Y. Exec. Law § 396(6).

62. As aforementioned, Plaintiff has been subjected to discrimination and treated disparately on account of her gender by Defendants Pariss, Marrone, Churches, Gugliotta, and John Doe(s) and Jane Doe(s).

63. As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

### AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST DEFENDANTS PARISS, MARRONE, CHURCHES, GUGLIOTTA, AND JOHN DOE(S) AND JANE DOE(S) (RETALIATION)

64. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 63 above with the same force and effect as if set forth fully herein.

65. As aforementioned, Plaintiff has been subjected to discrimination and treated disparately on account of her complaints of discrimination by Defendants Pariss, Marrone, Churches, Gugliotta, and John Doe(s) and Jane Doe(s).

66. As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

**AS AND FOR A SEVENTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL
DEFENDANTS (VIOLATION OF PLAINTIFF'S
DUE PROCESS RIGHTS UNDER THE
FOURTEENTH AMENDMENT)**

67. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 66 above with the same force and effect as if set forth fully herein.

68. The actions and omissions of the Defendants described herein constitute an infringement of the Plaintiff's Due Process rights under the Fourteenth Amendment.

69. As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

(a) judgment awarding Plaintiff compensatory damages in an amount not less than $2,000,000.00 (Two Million Dollars);

(b) judgment awarding Plaintiff punitive damages in an amount not less than $3,000,000.00 (Three Million Dollars);

(c) for each Cause of Action, granting the following injunctive relief:

1. Restraining the Defendants from engaging in further discriminatory and/or retaliatory treatment;

2. Require the Defendants to review and correct all discriminatory treatment and conduct within the Southern Tier Law Enforcement Academy at Corning Community College;

3. Provide equal opportunities, terms, benefits, and pay to women cadets of Defendant Corning Community College;

4. Mandate training and educational programs for employees about discrimination and retaliation;

5. Require annual reports demonstrating efforts and success at compliance in providing a discrimination-free/retaliation-free educational environment;

(d) interest on all amounts due;

(e) attorney's fees under 42 U.S.C. Section 1988;

(f) declaratory relief that the Defendants violated the Plaintiff's rights under the law;

(g) granting such other and further relief as the Court may deem just and proper; and

(h) a public apology.

## JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

| | |
|---|---|
| Dated: November 18, 2010<br>at Rome, New York | Bosman Law Firm, L.L.C.<br>Attorneys for Plaintiff<br><br> s/A.J. Bosman<br>A.J. Bosman, Attorney at Law<br>Office and Post Office Address:<br>6599 Martin Street<br>Rome, New York 13440<br>Telephone: (315) 336-9130 |